DA 06-0845

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 94N

RICK BROWN, RICHARD (LARRY)
ROBERTS and RANDY HILL,

     Plaintiffs and Appellants,

   v.

DERAETHA MADISON, a.k.a. DERAETHA BROWN,

     Defendant and Appellee.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DV 05-138
Honorable Michael C. Prezeau, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          S. Charles Sprinkle, Sprinkle Law Firm, Libby, Montana

     For Appellee:

          Nancy Combs, Attorney at Law, Thompson Falls, Montana

Submitted on Briefs:  January 4, 2008

Decided:  March 18, 2008

Filed:

_____
                Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Rick Brown appeals from a judgment in the Nineteenth Judicial District Court, Lincoln County, dismissing his claim that he is entitled to a one-half interest in land owned by Deraetha Madison. The District Court concluded that Madison was not estopped from relying on the statute of frauds to render unenforceable an agreement to convey to Brown a one-half interest in the property in question.

¶3 Brown and Madison are half siblings who had not spoken for many years prior to 2004. In 2004, Brown traveled to Mississippi and made contact with Madison. Madison was ill, and Brown gave her some assistance and helped care for her. He also told her she should buy land in Montana, where he had been considering purchasing land.

¶4 After receiving medical treatment in Portland, Oregon, Madison came to Montana to recover. Brown and Madison then agreed that Madison would purchase property in Montana and that Brown would serve as general contractor to construct a house on the property. They orally agreed that once he completed the work Madison would make him a half owner of the property. This agreement to convey land was never reduced to writing. Madison subsequently bought real estate in Lincoln County, taking title in her name only.

2

¶5     Brown enlisted the help of two friends, co-plaintiffs Roberts and Hill.  During the summer of 2004, these three began construction of a house on Madison's property.  They completed the necessary excavation work and the foundation of the house.  However, by August 2004, relations between Brown and Madison had broken down.  Madison evicted Brown from the property and obtained an order of protection against him.

¶6     In September 2005, Brown filed an action against Madison seeking to quiet title to a one-half interest in the property, based on the doctrine of promissory estoppel.  He, along with Roberts and Hill, also sought to recover the value of the work they had done on the property.

¶7     Following a bench trial in July 2006, the District Court entered judgment in favor of Brown, Roberts and Hill for the value of the work they had performed.  The District Court further found that Brown had not proven by clear and convincing evidence the necessary elements of estoppel and dismissed his claim that he was entitled to a one-half interest in the property.  Roberts and Hill have not appealed.  Brown appeals that portion of the judgment dismissing his claim that Madison is estopped from relying on the statute of frauds to defeat his claim to the property.

¶8     We review a district court's findings of fact to determine if they are clearly erroneous.  A finding is clearly erroneous if it is not supported by substantial evidence, the trial court misapprehended the effect of the evidence, or our review of the record convinces us that a mistake has been committed.  *In re Est. of Stukey*, 2004 MT 279, ¶ 26, 323 Mont. 241, ¶ 26, 100 P.3d 114, ¶ 26.  We review a district court's conclusions of law to determine if they are correct.  *Kelly v. Wallace*, 1998 MT 307, ¶ 27, 292 Mont. 129, ¶ 27, 972 P.2d 1117, ¶ 27.

3

¶9     A party must prove each of six elements to succeed on a claim of estoppel:

(1) the existence of conduct, acts, language, or silence amounting to a representation or a concealment of a material fact; (2) these facts must be known to the party estopped at the time of his conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him; (3) the truth concerning these facts must be unknown to the other party claiming the benefit of the estoppel at the time it was acted upon by him; (4) the conduct must be done with the intention, or at least the expectation, that it will be acted upon by the other party, or under circumstances both natural and probable that it will be so acted upon; (5) the conduct must be relied upon by the other party and, thus relying, he must be led to act upon it; and (6) he must in fact act upon it in such a manner as to change his position for the worse.

*Stukey*, ¶ 38. All the elements of estoppel must be proven by clear and convincing evidence.

*Duchamp v. Tuma*, 265 Mont. 436, 441, 877 P.2d 1002, 1006 (1994).

¶10    Brown's only argument on appeal is that the District Court erred when it found that he had not proven the second element of estoppel. He claims that at the time Madison agreed she would convey a one-half interest in the property to him, she had no intention of keeping that promise. However, the District Court found as a matter of fact that Madison acted in good faith when she made the unenforceable promise to convey the property to Brown. It found that she only changed her mind after the relationship between them deteriorated.

¶11    Our review of the record confirms that this finding of fact is supported by substantial evidence. Madison's testimony, confirmed by one of Brown's own witnesses, was to the effect that Madison did intend to convey an interest in the property to Brown when she made the unenforceable agreement to do so, and only changed her intentions later, after there had been a breakdown in their relationship. Although Brown points to facts in the record that would tend to support his position, these facts were not deemed by the District Court sufficient to prove by clear and convincing evidence that Madison misrepresented her

4

intentions.  Thus, the findings of fact by the District Court are not clearly erroneous. *Duchamp*, 265 Mont. at 441, 877 P.2d at 1006.

¶12    Our review of the entire record reveals that the District Court's findings of fact are supported by substantial credible evidence and the legal issues are clearly controlled by settled Montana law that the District Court correctly applied.  The District Court did not err when it found that Brown had not proved all the necessary elements of promissory estoppel.

¶13    Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ JIM RICE
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART